IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURIE A. DEUSCHEL,

    Plaintiff,

    vs.

MICHAEL J. ASTRUE[1],
Commissioner of Social Security,

    Defendant.

                              /

No. CIV S-03-2072 GEB GGH PS

ORDER

On January 29, 2008, plaintiff moved to reopen this case pursuant to this court's order filed September 29, 2006, which expressly authorized reopening upon a showing of good cause. That order followed several months of this court monitoring the Commissioner's progress in addressing plaintiff's due process contention that an overpayment of benefits to her was improperly recouped.

Plaintiff now informs the court that the Commissioner reached a final decision on November 29, 2007, wherein it concluded that plaintiff was overpaid $13,848 in benefits, and

---

[1] Michael J. Astrue became Commissioner on February 12, 2007. Accordingly, he should be substituted as defendant in this suit. Fed. R. Civ. P. 25(d)(1). No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1  any recoupment by the Commissioner in excess of that amount should be refunded.  The Appeals
2  Council forwarded the case to the Commissioner's Office of Central Operations "for a review of
3  the amount of benefits withheld in repayment . . . as well as a detailed explanation of its review."
4  Plaintiff appears to seek both this court's review of the Appeals Council's decision and
5  enforcement of the decision.
6        Defendant has filed a response and does not object to reopening this case but
7  requests that plaintiff be required to file an amended complaint specifying the matters she
8  challenges.  The court agrees.
9        Accordingly, plaintiff shall, within twenty days of the filing date of this order, file
10 an amended complaint that seeks review of the final decision of the Commissioner pursuant to 42
11 U.S.C. § 405(g).[2]  The amended complaint may challenge the Commissioner's decision on any
12 legitimate basis allowed by law, including plaintiff's outstanding Fifth Amendment due process
13 claim set forth in Count I of her initial complaint, but shall exclude all other claims within the
14 initial complaint that were previously dismissed by this court.  See Findings and
15 Recommendations filed June 10, 2004, adopted by the District Judge July 19, 2004.
16       Defendant shall file an amended answer within twenty days of service of the
17 amended complaint.
18       So ordered.
19 DATED: 02/28/08                                      /s/ Gregory G. Hollows
                                                      U. S. MAGISTRATE JUDGE
20
21 GGH5:Deuschel.amend

---

[2] The sixty-day time limit of 42 U.S.C. § 405(g) does not apply to these circumstances (plaintiff filed her request to reopen on the sixty-first day); the court "administratively closed" this case without prejudice to its reopening upon a showing of good cause by either party, including the assertion of "a perceived failure of process or adjudicated result."

2